IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESLEY RUSSELL, Sr.,

    Petitioner,                                                      No. CIV S-04-2244 FCD GGH P

    vs.

CHARLES PLUMMER,

    Respondent.                                              FINDINGS & RECOMMENDATIONS

_____/

        On January 31, 2005, respondent filed a motion to dismiss the instant petition as barred by the statute of limitations under 28 U.S.C. § 2244(d). By order filed on March 30, 2005, the court ordered respondent to serve the motion upon petitioner on the address that the court discerned was his probable present address, even though he did not file a formal notice of change of address. On May 19, 2005, respondent was granted ten (10) days to show why the motion had not been served upon the address noted in the court's prior order. As noted in the court's August 3, 2005 order, a response was not forthcoming until June 30, 2005, which was deemed timely because apparently the Court Clerk failed to serve the order upon respondent until June 22, 2005. The court noted in that order that it appeared that petitioner was properly served with the motion to dismiss at Avenal State Prison, even though petitioner had not updated his addresses by proper formal notice.

1  In the August 3, 2005 order, petitioner was cautioned that, pursuant to Local Rule 78-230(m), his failure to file written opposition to the pending motion, or a statement of no opposition, may be deemed a waiver of any opposition to the court's granting the motion. Petitioner was granted 15 days to show cause why the motion should not be granted.  He was further admonished that should he fail to file and serve any opposition prior to the expiration of that time, along with a showing of good cause why he had failed to file his opposition timely, the court would recommend that the motion be granted.  Moreover, the court's review of respondent's motion demonstrates that it has merit.

In the alternative, petitioner was informed that should no response be forthcoming, the court would recommend dismissal for petitioner's failure to keep the court apprised of his current address, pursuant to Local Rule 83-182(f) and Local Rule 11-110, and for failure to prosecute this action.  The court took the precaution to serve the order upon three different addresses: the DVI address, which remains the current address of record, the Avenal State Prison address, and the latest address respondent had discovered for petitioner as a parolee in San Francisco.  Petitioner has failed to file any response whatsoever and the time for doing so has expired.  Pursuant to Local Rule 78-230(m), therefore, the court deems the failure to file written opposition as a waiver of any opposition to the granting of respondent's motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ghazali, 46 F.3d at 53.  Petitioner's failure to comply with the Local Rules has impeded the expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which petitioner demonstrates no intention to pursue.  Although public policy favors disposition of cases on their

1  merits, petitioner's failure to oppose the pending motion has precluded the court from doing so.

2  In addition, respondent is prejudiced by the inability to reply to opposition.  Finally, the court has

3  repeatedly advised petitioner of the requirements under the Local Rules and granted ample

4  additional time to oppose the pending motion, all to no avail, subjecting his action to dismissal

5  pursuant to Fed. R. Civ. P. 41(b).  There appears to be no suitable alternative to dismissal of this

6  action.

7              As yet another ground of dismissal, the court will recommend petitioner's failure

8  to prosecute this action:

9 > The authority of a federal trial court to dismiss a plaintiff's[1] action
> with prejudice because of his failure to prosecute cannot seriously
10 > be doubted. [FN3] The power to invoke this sanction is necessary
> in order to prevent undue delays in the disposition of pending cases
11 > and to avoid congestion in the calendars of the District Courts.

12  Roadway Express, Inc., v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463 (1980), quoting Link

13  v. Wabash Railroad Co., 370 U.S. 626, 629-630, 82 S. Ct. 1386, 1388 (1962); Plaut v.

14  Spendthrift , 514 U.S. 211, 228, 115 S. Ct. 1447, 1457 (1995)("[t]he rules of finality, both

15  statutory and judge made, treat," inter alia, dismissals "for failure to prosecute: as a judgment on

16  the merits.").

17              Accordingly, IT IS RECOMMENDED, for the reasons set forth above that

18  respondent's motion to dismiss, filed on January 31, 2005, be granted; in the alternative, the

19  court recommends dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b)

20  and for petitioner's failure to prosecute.

21  \\\\\

22  \\\\\

23  \\\\\

24  \\\\\

25  _____

26       [1] Or, in this case, petitioner's action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   9/2/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

russ2244.fsc